**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Tiffany Robinson, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-1637 |
| | ) | |
| v. | ) | |
| | ) | |
| Advocate Health & Hospitals | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**Complaint**

Plaintiff, Tiffany Robinson, by counsel, alleges the following against Defendant, Advocate Health & Hospitals Corporation:

**Parties, Jurisdiction & Venue**

1. Defendant, Advocate Health & Hospitals Corporation, employed Plaintiff, Tiffany Robinson, from March 2013-March 2020 as an IT Analyst.

2. Advocate Health & Hospitals Corporation is an Illinois corporation with a principal place of business at 3075 Highland Parkway in Downers Grove.

3. This action arises under the ADA and Section 1981 of the Civil Rights Act of 1866.

4. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1343 (civil rights) and § 1331 (federal question).

5. Venue is appropriate in this District because the acts complained of occurred in this District.

1

### Count 1: ADA

6. At all relevant times, Tiffany Robinson has been a person with a disability: she has a physical impairment (sarcoidosis) that substantially limits her immune system, her respiratory functioning, her sense of sight, her ability to sleep, and her ability to concentrate.

7. At all relevant times, she was a "qualified" person with a disability: she could perform the essential functions of her position, with accommodation.

8. Plaintiff sought accommodation for her disability: she asked to work from home.

9. This accommodation was granted, at various points, for extended periods of time.

10. The accommodation was clearly reasonable: it had no effect on Robinson's ability to do work for Advocate.

11. Nevertheless, in late December 2019, Advocate told her that she was no longer allowed to work from home.

12. It told her that her only option was to apply for leave through Defendant's third-party contractor.

13. So, Robinson applied for leave.

14. However, her request was denied.

15. Robinson appealed the denial.

16. On March 5, 2020, while the claim was still under appeal, Advocate terminated her, without her manager or HR engaging in any interactive process.

17. Advocate violated the ADA in at least the following ways: denying her reasonable accommodation; not engaging in the interactive process; and firing her because of her disability.

18. As a result of Defendant's violations of the ADA, Robinson was harmed financially and emotionally.

19. Punitive damages should be awarded to punish Defendant for its violations of the ADA.

20. Punitive damages should be awarded to deter Defendant and others like it from committing similar violations in the future.

21. Plaintiff exhausted her administrative remedies under the ADA: she filed an EEOC charge on June 11, 2020; she received a right-to-sue letter from the EEOC on December 29, 2020; and she is filing this lawsuit within 90 days thereof.

WHEREFORE, Plaintiff, Tiffany Robinson, requests that Defendant, Advocate Health & Hospitals Corporation, be found liable for violating the ADA, that judgment be entered against it, and that Plaintiff be awarded all remedies to which she is entitled under the law, including but not limited to: wages to the date of trial; compensation for lost benefits; compensation for emotional distress; punitive damages; attorneys' fees; costs of litigation; and any other relief that the Court finds available and appropriate.

### Count 2: Race Discrimination in Violation of Section 1981

22. Robinson is black.

23. But-for Robinson's race, Advocate would not have treated her the way it did (denying her accommodation request, forcing her on leave, and firing her without engaging in the interactive process).

24. This violates Section 1981.

25. As one example of Advocate's agents' racist motivations, her manager, Nicole Waldoch, had previously called her a racial slur, to her face, in front of people.

26. As a result of Defendant's violations of Section 1981, Robinson was harmed financially and emotionally.

27. Punitive damages should be awarded to punish Defendant for its violations of Section 1981.

28. Punitive damages should be awarded to deter Defendant and others like it from committing similar violations in the future.

WHEREFORE, Plaintiff, Tiffany Robinson, requests that Defendant, Advocate Health & Hospitals Corporation, be found liable for violating Section 1981, that judgment be entered against it, and that Plaintiff be awarded all remedies to which she is entitled under the law, including but not limited to: wages to the date of trial; compensation for lost benefits; compensation for emotional distress; punitive damages; attorneys' fees; costs of litigation; and any other relief that the Court finds available and appropriate.

**Jury Demand**

Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: 3/25/21                                  Respectfully submitted by:

                                                s/Julie Herrera

                                                Law Office of Julie O. Herrera
                                                53 W. Jackson, Suite 1615
                                                Chicago, IL 60604
                                                Tel: 312-479-3014
                                                Fax: 708-843-5802
                                                jherrera@julieherreralaw.com