UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIFFANY ROBINSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 21 C 1637 |
| ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| ADVOCATE HEALTH CARE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tiffany Robinson brings this race and disability discrimination lawsuit against her former employer, defendant Advocate Health Care ("Advocate"). In her second amended complaint, Robinson brings claims under the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and 42 U.S.C. § 1981. Before the Court is Advocate's motion to dismiss Robinson's Title VII retaliation claim based on race for failure to administratively exhaust this claim.[1] For the following reasons, the Court grants Advocate's motion to dismiss Robinson's Title VII retaliation claim.

**Background**

In her second amended complaint, Robinson, who is African-American, alleges that she worked as an IT Analyst for Advocate from March 2013 until March 2020. Sometime between the end of 2018 and March 2019, Robinson returned to working in her office after working from home due to her disability, pulmonary sarcoidosis, which is an inflammatory disease that affects the lungs and lymph glands. Shortly after her return, Robinson became sick, but returned to the office in May

---

[1] Advocate filed its motion to dismiss prior to Robinson filing her second amended complaint in which she addressed Advocate's arguments concerning her other Title VII claims. Nonetheless, she re-alleged her Title VII retaliation claim in her second amended complaint, and thus the Court addresses Advocate's exhaustion argument as to this remaining Title VII claim.

2019. Advocate placed her under medical restrictions in June 2019. During this time period, Robinson's team leader Randy Johnson said she could work from home on the days she had medical treatments.

In July 2019, Robinson's team was switched and her new supervisor was Nicole Waldoch. Robinson advised Waldoch of her need for medical treatments. Moreover, Robinson alleges that although she was switched to another team, she did not have the foundational experience for the position. Therefore, she was required to get certified in a particular system. Robinson asserts that she was unable to adequately perform the training due to her medical treatments and the pain she suffers due to her disability. Robinson discussed this issue with Waldoch and Director Robert Rischmann, after which they told her she was not a "good fit" for the new position.

Robinson reported to Human Resources that she needed a work accommodation due to her disability and the difficulty of performing on campus, after which Human Resources advised her to seek intermittent leave under the Family Medical Leave Act ("FMLA"). While Robinson was on intermittent FMLA leave, Waldoch used racially-motivated antics against Robinson by making false statements to Human Resources that Robinson was at home doing "nothing." Robinson also alleges that prior to this time period, Waldoch had called her a "coon." In early 2020, Robison applied for intermittent FMLA leave again, but her request was denied. She appealed the decision. While her appeal was pending, Advocate terminated her employment in March 2020.

On June 11, 2020, Robinson filed an EEOC charge. On her charge, she checked the boxes for disability and retaliation. In her EEOC statement, she alleged that Advocate discriminated against her due to her disability, pulmonary sarcoidosis. She further stated that Advocate terminated her employment in retaliation for requesting an accommodation. On December 29, 2020, Robinson received her right-to-sue letter from the EEOC. She filed this lawsuit on March 25, 2021.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Discussion**

At issue in Advocate's motion to dismiss is whether Robinson administratively exhausted her Title VII retaliation claim based on race. "A plaintiff filing suit in federal court may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez v. Ford Motor Co.,* 937 F.3d 998, 1004 (7th Cir. 2019) (citation omitted). This exhaustion requirement has two purposes: (1) it gives the employer notice of the conduct its employee is challenging; and (2) it provides the EEOC and the employer an opportunity to settle the matter outside of the courts. *Cervantes v. Ardagh Group*, 914 F.3d 560, 564 (7th Cir. 2019). Determining if the complaint and the EEOC charge contain claims that are reasonably related requires a careful examination and comparison of the charges and the complaint. *Chaidez,* 937 F.3d at 1005.

In her second amended complaint, Robinson alleges that once she was transferred to a different group and was under the supervision of Waldoch, she became a target of hostile and harassing behaviors and was subjected to adverse employment actions to which similarly situated non-African American employees were not subjected. Robinson also asserts that she was discriminated against based on her race because she engaged in the protected activity of complaining

about discrimination, along with the hostile and abusive conditions in the workplace. According to Robinson, as a result of her complaints about discrimination, Advocate terminated her.

Robinson's EEOC charge makes no mention of race. Instead, she stated that Advocate discriminated against her due to her disability, pulmonary sarcoidosis. She further explained that Advocate terminated her employment in retaliation for requesting an accommodation. Indeed, in response to Advocate's motion, Robinson does not address the absence of race discrimination allegations in her EEOC charge. Therefore, she has not exhausted her Title VII retaliation claim. Robinson, however, can bring her race discrimination claims under 42 U.S.C. § 1981, and has done so in Counts II and IV of her second amended complaint.

The Court grants Advocate's motion to dismiss and dismisses Robinson's Title VII retaliation claim as unexhausted.

**Conclusion**

For these reasons, the Court grants defendant's Rule 12(b)(6) motion to dismiss plaintiff's Title VII retaliation claim [61].

**IT IS SO ORDERED.**

Date: 5/9/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge